IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**EDDIE RAY LYNN ZAR**                                                             **PLAINTIFF**

v.                                                               No. 1:13CV143-NBB-DAS

**TUPELO MS JUSTICE COMPLEX, ET AL.**                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Eddie Ray Lynn Zar, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Zar alleges that, while he was incarcerated in the Tupelo, Mississippi, Justice Complex, defendant Sgt. Davis tore up a grievance regarding cold temperatures, threw the grievance in Zar's face, then poked Zar in the face and eye while berating him for filing such a grievance. As a result of the incident, Zar went to medical and was treated for eye irritation and minor cuts on his nose. Zar has since been transferred to a facility in Tennessee.

**Excessive Force**

Zar claims that a prison official used excessive force against a prisoner in violation of the Eighth Amendment. Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*,

503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[1] Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993). A sore, bruised, ear that lasts three days is a *de minimis* injury. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

The brief encounter Zar describes amount to a single incident of force resulting in *de minimis* injury – treated with eye drops. This is similar to the sore, bruised, ear in *Siglar, supra*, and is, therefore, *de minimis*. As such, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 31st day of January, 2014.

      /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE

---

[1] The standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner; therefore, in the following discussion the court will use citations pertaining to each interchangeably. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).